215 F.2d 455
 LAMBERT'S POINT DOCKS, Inc.
v.
KENDALL.
 No. 668.
 United States Emergency Court of Appeals
 Submitted August 6, 1954.
 Decided August 31, 1954.
 
 Frank E. Sellers, W. R. Ashburn and Sellers & Underwood, Norfolk, Va., for complainant.
 Warren E. Burger, Asst. Atty. Gen., Edward H. Hickey, Chief, Gen. Litigation Section, and Katherine Hardwick Johnson, Atty., Dept. of Justice, and James A. Durham, Stabilization Counsel, Office of Defense Mobilization, Washington, D. C., for respondent.
 Before MARIS, Chief Judge, and MAGRUDER, McALLISTER and LINDLEY, Judges.
 MARIS, Chief Judge.
 
 
 1
 This is a complaint filed by Lambert's Point Docks, Inc. under Section 408(d) of the Defense Production Act of 1950, as amended, 50 U.S.C.A.Appendix, § 2108(d), with leave of the United States District Court for the Eastern District of Virginia. The complainant is the defendant in a suit which was brought against it by the United States in the District Court for the Eastern District of Virginia pursuant to Section 409(c) of the Defense Production Act, 50 U.S. C.A.Appendix, § 2109(c), for damages based upon the alleged violation by the defendant of Ceiling Price Regulation 34. The present complainant sought in that action to assert the defense that it was exempt from the regulation as a common carrier or public utility but the district court held itself to be without power to pass upon that question and entered judgment against the present complainant in the sum of $13,085.82 and costs on April 7, 1954. On the same day the district court granted the complainant leave to file the present complaint in this court. The complaint seeks a determination by this court that Ceiling Price Regulation 34 issued May 16, 1951, and Supplementary Regulation 14 thereto issued March 24, 1952, are invalid as applied to the complainant. The respondent has filed an answer to the complaint and the case is now before us upon the complainant's motion for judgment in its favor on the pleadings.
 
 
 2
 The sole question in the case is whether the services rendered by the complainant with respect to which the alleged overceiling charges were made were those of a common carrier or public utility within the meaning of section 402(e) (v) of the Defense Production Act of 1950, 50 U.S.C.A.Appendix, § 2102(e) (v). If so the complainant was exempt from price regulation with respect thereto by the express terms of that section and Ceiling Price Regulation 34 and Supplementary Regulation 14 to the extent applied to it were accordingly invalid. The question whether the complainant is a common carrier or public utility involves an ascertainment of the actual facts of its operations before the applicability of Section 402(e) (v) thereto can be determined. The facts of the complainant's operations are not before us on this record, however, since the complainant introduced no testimony but relies solely upon those averments of its complaint which are admitted by the answer.
 
 
 3
 The only relevant averment is that of paragraph Va of the complaint that the district court found as a fact "that the complainant was a marine terminal and within the definitions of `other persons subject to this act' as set forth in Section 1, Shipping Act of 1916 (Title 46 U.S.C. Section 801; 39 Stat. 728; 40 Stat. 900), and that the complainant was engaged in furnishing to carriers by rail, water and motor, terminal wharfage, and loading and unloading services at fixed charges at the Port of Norfolk, Virginia." These brief general averments are obviously insufficient to establish that the complainant was operating as a common carrier or public utility in the operations which were the subject of the suit in the district court. In its reply brief the complainant suggests that this court will take judicial notice of the ordinary functions of a marine terminal. This, however, we cannot do. Nor is the bare fact that the complainant was to some undisclosed extent subject to the Shipping Act of 1916 sufficient to establish its character as a public utility under the rule laid down in Davies Warehouse Co. v. Bowles, 1944, 321 U.S. 144, 64 S.Ct. 474, 88 L.Ed. 635.
 
 
 4
 We conclude that the complainant must establish the facts as to its relevant operations by evidence in order that the character of those operations may be ascertained in the normal way, and so that this court may make the determination as to whether such operations are those of a common carrier or public utility within the exemption provisions of the Defense Production Act. The complainant's motion for judgment on the pleadings in its favor must, therefore, be denied. We think, however, that judgment should not be entered at this time dismissing the complaint but that the complainant should have a reasonable opportunity to make application to this court for leave to introduce evidence as to the nature and extent of its operations in support of its complaint.
 
 
 5
 The complainant may accordingly within twenty days file an application for leave to introduce such evidence. If no such application is filed within that time a judgment will be entered dismissing the complaint.